U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JAN 2 1 2015

CLERK, U.S. DISTRICT COURT

By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHRISTOPHER RAY KINSEY,        §
                               §
        Movant,                §
                               §
VS.                            §   NO. 4:14-CV-813-A
                               §   (NO. 4:11-CR-193-A)
UNITED STATES OF AMERICA,      §
                               §
        Respondent.            §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion filed by movant, Christopher Ray Kinsey, to vacate, set
aside, or correct sentence by a person in federal custody.  After
having considered such motion, the government's response thereto,
the document movant filed November 18, 2014, titled "Supplement
to Motion to Vacate, Set Aside or Correct Sentence Filed by a
Person in Custody Pursuant to 28 U.S.C. § 2255," pertinent parts
of the record in Criminal Case No. 4:11-CR-193-A, and relevant
legal authorities, the court has concluded that such motion
should be denied.

I.

Background

On January 20, 2012, movant pleaded guilty pursuant to a
plea agreement to the offenses of conspiracy to possess with
intent to distribute a controlled substance, in violation of 21

U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). He was sentenced on May 22, 2012, to a term of imprisonment of 235 months as to each offense, to run concurrently.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed by an opinion issued March 27, 2013. After having unsuccessfully sought a writ of certiorari by the Supreme Court, movant filed the § 2255 motion under consideration on October 6, 2014, to which the government responded on October 30, 2013.

On November 18, 2014, movant filed a document thirty-one pages in length, accompanied by what appears to be a similar number of pages of attachments, titled "Supplement to Motion to Vacate, Set Aside or Correct Sentence Filed by a Person in Custody Pursuant to 28 U.S.C. § 2255." The court did not give movant authority to file a supplement, though the court did by order signed October 7, 2014, authorize movant to file a reply by November 12, 2014, to the response the government had filed on October 30, 2014. The court is giving effect to such "Supplement" to whatever extent it might be viewed to be a reply to the government's response.

II.

## The Grounds of Movant's § 2255 Motion

Movant asserted two grounds for relief in his § 2255 motion which, as stated in the motion together with the supporting facts recited in the motion as to each ground, are as follows:

GROUND ONE:

    Counsel rendered ineffective assistance in investigating basis for Guidelines enhancements.

* * * * *

    Defendant provided to defense counsel details which -- if true -- demonstrated that he did not possess any firearms or dangerous weapons during the drug offenses.  In fact, no firearms belonging to, actually possessed by, or constructively possessed by Defendant were ever recovered.  Defense counsel refused to investigate the allegation of possession of firearms, telling Defendant that a firearms enhancement under USSG § 2D1.1 is impossible to defeat.  As well, defense counsel did not object to the error in the Presentence Report, although Defendant asked him to do so, and he did not argue the matter at sentencing. This was despite the fact that the burden of proof on a sentencing enhancement is on the government.

    Had defense counsel investigated, he would have obtained evidence that Defendant possessed no firearms, that no one had ever seen him with firearms other than an unnamed source eager to assist ATFE agents in making a firearms case, and that Club policy prohibited anyone without a concealed carry permit to carry firearms (out of fear of police harassment).  Such investigation would have led to Defendant not receiving a two-level enhancement for firearms, and a lower advisory Guidelines total offense level.

Mot. at 5.

3

GROUND TWO:

Counsel rendered ineffective assistance in arguing § 3553(a)(1) factors.

\* \* \* \* \*

The evidence showed that Defendant voluntarily withdrew from the motorcycle club well prior to anyone being aware of a Federal investigation, and did so for reasons of wanting to no longer engage in drug dealing, to overcome Defendant's own pain pill addiction, and to be a better husband and father. Defendant told the Probation Officer this, but the PSR recites the alternate story that Defendant was ejected from the club for wrongdoing, missing meetings and drug abuse. Defense counsel did not object to the error in the PSR, although Defendant asked him to do so, and he did not argue the matter at sentencing. Had this error been corrected and Defendant's voluntary withdrawal from the conspiracy and cessation of drug dealing been known to the Court, it is reasonably likely to have affected the calculation of the amount of the conspiracy's misconduct attributable as relevant conduct to Defendant, and affected the Court's perception of an appropriate sentence under 18 U.S.C. § 3553 (a)(1).

Id. at 6.

### III.

### Analysis

A. <u>Pertinent Legal Principles</u>

1. <u>Principles Applicable to a 2255 Motion</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991).  A defendant can challenge her conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for
the first time on collateral review without showing both "cause"
for her procedural default and "actual prejudice" resulting from
the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.  United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974).

2.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim,
movant must show (1) that counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for his counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs
of the Strickland test must be met to demonstrate ineffective

5

assistance.  Id. at 697.  Further, "[a] court need not address

both components of an ineffective assistance of counsel claim if

the movant makes an insufficient showing on one."  United States

v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood

of a different result must be substantial, not just conceivable,"

Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant

must prove that counsel's errors "so undermined the proper

functioning of the adversarial process that the trial cannot be

relied on as having produced a just result."  Cullen v.

Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466

U.S. at 686).  Judicial scrutiny of this type of claim must be

highly deferential and the defendant must overcome a strong

presumption that his counsel's conduct falls within the wide

range of reasonable professional assistance.  Strickland, 466

U.S. at 689.

B.   The Grounds of the Motion Are Without Merit

     1.   Ground One

     The presentence report contains information, which the

probation officer found to be reliable, that movant possessed

firearms during his drug-trafficking activities that provided

protection during those transactions.  No. 4:11-CR-193-A, PSR

(Doc. 84-1) at 8-9, ¶¶ 25 & 32.  Movant elected to remain silent

on that subject during his post-conviction interview by the
probation officer.  Id. at 11, ¶ 41.

Although movant knew that he had received a two-level
enhancement in his offense level based on his possession of the
firearms, he made no complaint, and said nothing on that subject,
when he was invited at the sentencing hearing to make whatever
statement or presentation he would like to make on the subject of
mitigation, that is the things he thought the court should take
into account in determining the sentence to impose.  No. 4:11-CR-
193-A, Tr. of Sentencing (Doc. 124) at 22-24.

Movant does not provide the court any specificity relative
to his contention that his counsel refused to investigate the
allegation of possession of firearms, nor did movant provide any
specificity as to what such an investigation might have
uncovered.  The record does not disclose anything that would
suggest that a reasonable attorney would have objected to the
two-level firearm enhancement, even if his client had requested
that he do so.  An attorney has no obligation to engage in
frivolous activity on behalf of his client.  Movant has provided
the court no evidence from which the court could conclude that
movant's attorney should have objected to the two-level firearm
enhancement or that, if he had objected, the objection would have
had merit.

7

Presumably movant would have informed the court when he had an opportunity to do so at the sentencing hearing that the two-level gun enhancement increase in his offense level was improper if he had any factual basis for such a contention.

Therefore, ground one of the motion is without merit.

2.   <u>Ground Two</u>

By his ground two, movant takes the position that his counsel failed to make presentations on his behalf in support of the 28 U.S.C. § 3553(a)(1) factors the court should consider in determining the sentence to impose.

Movant failed to mention, and perhaps has overlooked, that his counsel filed a sentencing memorandum in which movant's counsel argued to the court the factors that counsel thought justified a sentence of imprisonment that would constitute a downward variance from the advisory guideline range.[1]   Ex. hereto at 1-2.   In the sentencing memorandum, movant's counsel urged the court to consider a number of § 3553(a) factors in support of movant's contention that he should receive a sentence that would be a variance that would be below the bottom of the advisory guideline range, including that (1) the government effectively

---

[1]The sentencing memorandum was delivered by movant's counsel to Chambers, and was not made a part of the record of Case No. 4:11-CR-193-A in the clerk's office.  Therefore, so that the record in this § 2255 action will reflect the contents of the memorandum, a copy of the memorandum is being attached to this memorandum opinion and order as an exhibit.

entrapped movant into committing the crimes that he was otherwise
disinclined to commit, id. at 2; (2) he voluntarily left the
Bandidos in the fall of 2010 and had ceased all illegal activity,
id. at 2-3; (3) his role in the drug deals was limited to that of
a middleman following orders, id. at 3; (4) he had spent most of
his adult life working in the challenging environment of the oil
and gas fields, id.; (5) he developed a pain-killer addiction
resulting from a truck accident, but after leaving the Bandidos,
he "detoxified himself" under a physician's care, id.; (6) he had
the support of his latest employer, and had become involved with
his family, id.; and (7) his rehabilitated conduct was self-
motivated and self-directed, increasing the likelihood that he
would not re-offend, id. at 4.   Counsel requested for movant a
sentence of approximately ten years, about one-half of the bottom
of his guideline range, arguing that "possibly more important
than consideration of the crime in sentencing decisions is
consideration of the particular defendant before the court[, and]
that all of the circumstances and factors . . . in this case
reasonably call for an alternative sentence under the factors of
§ 3553(a)(1) & (2) rather than one advised by the Sentencing
Guidelines."   Id.

    At the sentencing hearing movant's counsel was not content
to rely on his sentencing memorandum, but, instead, he made an

9

impassioned plea for a sentence of imprisonment below the bottom of the advisory guideline range based on the § 3553 factors.  No. 4:11-CR-193-A, Tr. of Sentencing (Doc. 124) at 23-26.

The sentencing record discloses that movant's counsel was effective in his presentations, as evidenced by the comments made by the court after movant's counsel and movant had made their statements:

> THE COURT:  . . . I'm going to take into account a lot of the things [movant's counsel] said in deciding where to impose a sentence and, frankly, it's going to be significantly lower than I had intended originally. Frankly, I had in mind going above the 240 months by doing a consecutive as part of it, but I -- considering the advisory guideline range overall.
>
> But I've decided that I'm going to limit the sentence of imprisonment to 235 months and I'm going to have it -- that, as to each of the counts, and they are going to run concurrently, so the actual sentence he'll serve will be 235 months.

Id. at 28.

In addition, movant's counsel arranged for movant's wife and one of his daughters to speak on movant's behalf at the sentencing hearing.  Id. at 19-21.  Movant has not provided any evidence in support of his motion that his counsel did not adequately and effectively present to the court whatever information should have been presented on behalf of movant relative to the § 3553(a) factors.

Therefore, movant's ground two is without merit.

10

IV.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant by the motion he filed on October 6, 2014, to vacate, set aside, or correct sentence by a person in federal custody, be, and is hereby, denied.

* * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 21, 2015.

_____
JOHN McBRYDE
United States District Judge

11



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4-11-CR-00193-A |
| | § | |
| CHRISTOPHER RAY KINSEY (04) | § | |

## DEFENDANT'S SENTENCING MEMORANDUM
## WITH REQUEST FOR ALTERNATIVE SENTENCE

Comes now Christopher Ray Kinsey, Defendant herein, and respectfully provides
the Court with Defendant's Sentencing Memorandum with Request for Alternative
Sentence pursuant to 18 U.S.C. § 3553(a).

1. The Court, pursuant to 18 U.S.C. § 3553(a) is required to impose a sentence
sufficient, but not greater than necessary, to comply with (1) the nature and
circumstances of the offense and the history and characteristics of the defendant, as well
as with the sentencing factors set out in subsection (2). In doing so, the Court is to arrive
at a reasonable sentence under all the circumstances. *United States v. Booker*, 543 U.S.
220 (2005). Although the Federal Sentencing Guidelines must be considered by the
Court, they are advisory only and not controlling to any degree. The sentence suggested
by the Guidelines does not even have a presumption of reasonableness attached to it.
*Rita v. United States*, 551 U.S. 338 127 S.Ct. 2454, 2465 (2007). The U.S. Supreme
Court has provided instructions to district courts as to the sentencing process as follows:

> "The sentencing judge, as a matter of process, will normally begin by considering
> the presentence report and its interpretation of the Guidelines. 18 U.S.C. §
> 3553(a); Fed.R.Crim.P. 32. He may hear arguments by prosecution or defense
> that the Guidelines sentence should not apply, perhaps because (as the Guidelines
> themselves foresee) the case at hand falls outside the 'heartland' to which the
> Commission intends individual Guidelines to apply, USSG § 5K2.0, perhaps
> because the Guidelines sentence itself fails properly to reflect § 3553(a)

Exhibit to Memorandum Opinion and
Order dated January 21, 2015, in
Case Nos. 4:14-CV-813-A
& 4:11-CR-193-A
Page 1 of 5

> considerations, or perhaps because the case warrants a different sentence
> regardless. ... In determining the merits of these arguments, the sentencing
> court does not enjoy the benefit of a legal presumption that the Guidelines
> sentence should apply.

*Id.,* at p. 2465 (emphasis supplied). Since *Rita, supra,* the Supreme Court has also

stressed even more, the discretion that lies with the district court in determining a

reasonable sentence under all the circumstances of the particular offense and the history

and characteristics of the particular defendant. *Gall v. United States* 552 U.S. 38, 128

S.Ct. 586 (2007) and, most recently, *Pepper v. United States,* 562 U.S. ____, 131 S.Ct.

1229 (2011).

    2. The "facts and circumstances of this case" inexorably point toward a sentence

that is not contemplated by the Sentencing Guidelines. Guidelines are supposed to be

determined by the Defendant's motives and conduct, not that of the government.

Especially so in drug cases, the guidelines are determined principally by the kinds and

amounts of drugs involved in the offense. Both of these fundamental factors were wholly

determined by the government in this case. The only reason the Defendant became

involved in the offenses in the first place, is because the government, and later the

government and its informant, "CS 1", convinced the Defendant that the way they were

going to finance the operations and overhead of the government's "motorcycle shop",

was by buying and then re-selling drugs. The Defendant did not claim entrapment in this

case because, since he was a member of the Bandidos, he agreed to participate and help

his "brothers" keep the motorcycle shop open in this way. The Defendant was not a

dealer of heroin, cocaine, or methamphetamine before becoming involved in the

government's sting operation. Also, from the time in the fall of 2010, when he

voluntarily left the Bandidos, until the date of his arrest, September 27, 2011, he did not

2

Exhibit to Memorandum Opinion and
Order dated January 21, 2015, in
Case Nos. 4:14-CV-813-A
& 4:11-CR-193-A
Page 2 of 5

deal in these drugs. Although the government's investigation continued until well into the summer of 2011, the Defendant had ceased all his heroin and methamphetamine acquiring activities approximately a year before. That activity was entirely tied to his involvement within the Bandidos. Also, in connection with these drug activities, he was never a manager or a leader or a decision maker of any kind. He was simply a middle-man, taking money from the government representative, buying what the government had ordered, and bringing it back to the government representatives. If he is to be reasonably punished for what he did, let it not depend for the most part upon the motives, amounts, and types of drugs, all determined by the government and its agents.

3. Christopher Kinsey has been a worker in the oil and gas fields for most of his adult life. This is not easy work as I'm sure the Court is well aware. It involves hours of physical labor in hot, fairly dangerous working conditions on and around rigs of various types and sizes. As related in the PSR, Mr. Kinsey was involved in a truck accident at one time which resulted in injuries that necessitated pain medication. As some people do, Mr. Kinsey became addicted to the medication and abused these type medications during his adult years. However, during the last year before his arrest, after leaving the Banditos, Mr. Kinsey detoxified himself with the help of a local Jacksboro physician that would allow the family to pay as they could. Also a letter from Mr. Kinsey's last employer, at the time of his arrest, ROC Service Co., LLC, was provided the Court, along with some pay slips and results of the company's latest drug tests on Mr. Kinsey. As related by family letters to the Court, during the period after his leaving the Bandidos, Mr. Kinsey had become more involved with his children, his family and normal family activities. It is respectfully submitted that this latest type behavior on the part of Mr.

3

Exhibit to Memorandum Opinion and
Order dated January 21, 2015, in
Case Nos. 4:14-CV-813-A
& 4:11-CR-193-A
Page 3 of 5

Kinsey over the year prior to his arrest is extremely relevant on "the history and characteristics of the defendant". *Pepper v. United States, supra.* "Most fundamentally, evidence of Pepper's conduct since his release from custody in June 2005 provides the most up-to-date picture of Pepper's 'history and characteristics'. §3553(a) (1) See *United States v. Bryson*, 229 F.3d 425,426 (CA 2 2000) ('[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing.')" *Id.* P. 1242. Further, and importantly, Mr. Kinsey's rehabilitative conduct was self-motivated and self-directed. This latest conduct should also bear heavily on Mr. Kinsey's likelihood to engage in future criminal conduct, another factor sentencing courts must consider. The case of *Gall v. United States*, 552 U.S. 38, 128 Sc.D. 586 (2007) is also instructive in this situation as *Gall*, like here, involved post-offense rehabilitative conduct on the part of the defendant. These cases demonstrate that possibly more important than consideration of the crime in sentencing decisions is consideration of the particular defendant before the court. It is submitted that all the circumstances and factors before the Court in this case reasonably call for an alternative sentence under the factors of § 3553(a) (1) and (2) rather than one advised by the Sentencing Guidelines.

Wherefore, premises considered, it is respectfully requested that the Court impose an alternative sentence in the range of approximately ten years under the 18 U.S.C., § 3553(a) factors because, in the words of *Rita, supra,* "... **the case warrants a different sentence regardless.**" (emphasis supplied).

Respectfully submitted,

Exhibit to Memorandum Opinion and
Order dated January 21, 2015, in
Case Nos. 4:14-CV-813-A
& 4:11-CR-193-A
Page 4 of 5

4

John W. Sweeney, Jr.
SBIN: 19570500
4205 Woodland Park Blvd., Ste. 190
Arlington, Texas  76013
(817) 635-7419
(817) 261-1671 (facsimile)
jwsweeneylaw@sbcglobal.net

Attorney for Defendant
Christopher Ray Kinsey


## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2012, the foregoing pleading was hand delivered to the Chambers of United States District Judge John McBryde, 4th Floor, U.S. Courthouse, Fort Worth, Texas and copies hand delivered to the office of the U.S. Attorney, 801 Cherry Street, Ste. 1700, Fort Worth, Texas for AUSA Josh Burgess and to the U.S. Probation Office, 4th Floor, U.S. Courthouse, Fort Worth, Texas for U.S. Senior USPO Carol E. Foreman.

John W. Sweeney, Jr.

5

Exhibit to Memorandum Opinion and
Order dated January 21, 2015, in
Case Nos. 4:14-CV-813-A
& 4:11-CR-193-A
Page 5 of 5